### DEUBERT et al. v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. May 1, 1908.)

1. PLEADING—CERTAINTY AND DEFINITENESS—STATUTORY PROVISIONS—HOW DETERMINED.

   Whether a pleading is indefinite and uncertain, within the meaning of Code Civ. Proc. § 546, authorizing the court to require a pleading to be made more definite and certain by amendment, where the denials or allegations are so indefinite or uncertain that the precise meaning or application thereof is not apparent, must be determined by an inspection of the pleading itself, and not from affidavits.

2. SAME—COMPLAINT—CERTAINTY AND DEFINITENESS.

   Where a complaint alleges in substance that defendant constructed a sewer in 1899, which emptied and discharged its contents on plaintiff's land, thereby making a bog and quagmire of the land and rendering it useless, and that defendant has continued ever since to empty and discharge the sewer on the land, although it promised and agreed in 1902 to remedy the evil by causing the sewage to flow elsewhere, which promise and agreement it failed to keep, and the prayer is for past damages caused thereby and for a judgment abating the nuisance, the complaint is not open to the charge of indefiniteness and uncertainty, and an order requiring it to be made more definite and certain and to set forth separately and number the causes of action cannot be sustained.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 39, 1173–1193.]

Appeal from Special Term, Kings County.

Action by John G. Deubert and another against the city of New York. From an order granting a motion to require the complaint to be made more definite and certain, etc., plaintiffs appeal. Reversed, and motion dismissed.

The cause of action is alleged in subdivisions 3, 4 and 5 of the complaint, in conjunction with other subdivisions alleging the plaintiffs' ownership, presentation of claim, etc. The said three subdivisions are as follows:

"(3) That heretofore and on or about the 6th day of July, 1899, the said defendant constructed and enlarged its sewer and has since wrongfully maintained a sewer emptying and discharging upon the said lands of these plaintiffs large quantities of water upon said lands, and that said defendant has utterly failed to construct beneath the surface of a strip of land on the easterly side of the land of the plaintiffs hereinbefore described as the defendant has promised and agreed by its duly authorized agents in writing, bearing date the 24th day of July, 1902, so as to carry off the surface water, drainage and sewerage, but he has continually since the 6th day of July, 1899, wrongfully and unlawfully emptied and discharged the same upon the lands of the plaintiffs as hereinbefore described, in large quantities, thereby converting the lands of said plaintiffs into a bog, swamp or quagmire to the great damage of said plaintiffs.

"(4) Plaintiffs further allege that a judgment of the Supreme Court of Queens county was duly made and entered in an action in the Supreme Court of Queens county, wherein the above named plaintiffs were plaintiffs and the city of New York was defendant, fixing the amount of damages sustained by the plaintiffs up to July 24, 1902, by reason of wrongful and unlawful acts committed by defendant as aforesaid.

"(5) Plaintiffs further allege that ever since the 24th day of July, 1902, and up to the present time the said defendant through its agents, servants and employés has emptied and discharged the surface water and sewerage upon the lands of said plaintiffs in large quantities, thereby converting their said lands, as aforesaid, into a bog, swamp or quagmire to the great damage of the plaintiffs."

And the prayer for judgment is as follows:

"Wherefore these plaintiffs demand judgment, and that said nuisance be abated and discontinued, and that the defendant be restrained by injunction, thereby discharging by its sewers and sewer pipes, drainage or surface water or any other sewerage upon the lands of the plaintiffs, and for two thousand five hundred ($2,500.00) dollars, damages, and for the costs and disbursements of this action."

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and RICH, JJ.

James M. Seaman, for appellants.
Theodore Connoly (Alex. L. Strouse, on the brief), for respondent.

GAYNOR, J. The order appealed from requires the plaintiffs "to file an amended complaint wherein the complaint herein shall be made more definite and certain in respect to the cause or causes of action therein sought to be set out"; and further, that such amended complaint "shall set forth separately and number the same their causes of action." This is all of this singular order which the learned counsel for the corporation of the city of New York procured and caused to be entered. It does not state in what respect the complaint is indefinite or uncertain, or what the plaintiffs shall allege in the new pleading to cure it, or what the two causes of action which it requires to be separately stated and numbered are, or where they are.

Section 546 of the Code of Civil Procedure provides that:

"Where one or more denials or allegations, contained in a pleading, are so indefinite or uncertain that the precise meaning or application thereof is not apparent, the court may require the pleading to be made definite and certain, by amendment."

Whether a pleading is indefinite and uncertain has, obviously, to be determined by an inspection of it. The learned counsel for the defendant seems to have been so far from feeling able to say to the court that this complaint was so indefinite and uncertain on its face that its meaning "is not apparent," that he resorted to the singular practice of moving on an affidavit of one of his staff in which the affiant was either suffered, ordered or encouraged to take it upon himself to swear that it is indefinite and uncertain in several particulars, instead of leaving the court to read the pleading and decide that for itself, which is the only permissible or possible way. When the complaint is perused it is found to allege as a cause of action simply and only that the defendant constructed a sewer in 1899 which emptied and discharged its contents on the plaintiffs' land, thereby making a bog, and quagmire of the said land, and rendering it useless, and that the defendant has continued ever since to empty and discharge the said sewer on the said land, although it promised and agreed in 1902 to remedy the evil by causing the sewage to flow elsewhere, which promise and agreement it failed to keep; and the prayer is for a judgment abating the nuisance and giving the plaintiffs their past damages caused thereby. If the learned counsel for the defendant had confined himself to attacking the complaint as so slovenly and illiterate as to belittle our learned profession, no one could very well be out of sympathy with him, however powerless courts may be to give relief against slovenliness and illiteracy in "learned" pleaders and practitioners; but it is not open to the charge of indefiniteness and uncertainty, over which the learned counsel himself seems to have mentally halted at the beginning, and to express the particulars of which in the order which he procured the learned court below to enter at the end he evidently did not find our language sufficiently copious or flexible, so vague, elusive or imaginary, were the particulars to be expressed. And in conclusion, and to the end of strict impartiality, it ought to be noted that the slovenliness and illiteracy of the case are not confined to the plaintiffs' side. That may sufficiently appear already, but the order to show cause by which the motion was brought (not to mention the affidavit also) further attests it, especially by requiring the plaintiffs to show "with particularity whether the relief claimed" (in the complaint) "is by way of breach of contract."

The order should be reversed and the motion dismissed.

Order reversed, with $10 costs and disbursements, and motion dismissed, without costs. All concur; JENKS, J., in result.